UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACOB GRUBER and LYNN GRUBER,

        Plaintiffs,

     v.                                        **DECISION AND ORDER**
                                                          10-CV-388S

ERIE COUNTY WATER AUTHORITY, *et al.*,

        Defendants.

     1.     Plaintiffs, Jacob Gruber and Lynn Gruber commenced this action on May 11, 2010 by filing a Complaint in this Court against Defendants Erie County Water Authority ("Water Authority") and several of its employees. Plaintiffs seek relief under 42 U.S.C. §1983, contending  that their constitutional rights were violated when the Water Authority shut off their access to water without notice or a hearing. Presently before this Court is Defendants' Motion for Judgment on the Pleadings (Docket No. 14) regarding certain aspects of Plaintiffs' claim and Plaintiffs' Motion to Amend their Complaint (Docket No. 20). For the following reasons, Plaintiffs' motion is granted and Defendants' motion is granted in part and denied in part.

     2.     As an initial matter, this Court must resolve Plaintiffs' motion to amend their complaint, which is opposed by Defendants. Defendants argue that Plaintiffs' proposed amended complaint is a futile re-pleading of insufficient facts and conclusions of law. They further argue that this Court should deny the motion because it was filed well after the date provided in the Scheduling Order for such amendments. But leave to amend is freely granted when justice so requires. Fed. R. Civ. P. 15 (a)(2). Having reviewed both the

Complaint and the proposed Amended Complaint, this Court is satisfied that the minor amendments found therein serve only to bring clarity to Plaintiffs' claims. Further, Defendants have responded to the Amended Complaint in their Motion for Judgment on the Pleadings and are therefore not prejudiced by this Court considering the amended pleading at this time. Indeed, Defendants do not even argue that they will suffer undue prejudice if the proposed pleading is permitted to proceed. Accordingly, this Court will grant leave to amend and resolve Defendants' motion as against the Amended Complaint.

3.     By way of background, on February 11, 2005, employees for the Water Authority broke a pipe fitting in the course of replacing a water meter that serviced Plaintiffs' home. (Amended Complaint ¶ 16; Docket No. 1.) The employees proceeded to knock on Plaintiffs' door, inform them of what happened, and instruct them to call a plumber to fix the fitting as soon as possible. (Id., ¶ 18.) Plaintiffs reacted by informing the employees that the meter and the now-broken fitting were not located on their property, and that, in any event, since they broke it, they should fix it. (Id., ¶ 19.) The employees returned to the meter pit, but did not fix the fitting. (Id., ¶ 20.) Thus began a series of disagreements between Defendants and Plaintiffs.

4.     The following month, Plaintiffs received a water bill substantially higher than they had received in the past. (Id., ¶ 21.) This was presumably due to the leak caused by the broken fitting. When Plaintiffs inquired about the high bill,  Defendants cited their policy that required Plaintiffs to fix the fitting and pay for the resultant high water bills themselves. (Id., ¶ 24.) By May of 2006, with the dispute still unresolved, and having received four final notices from Defendants because of Plaintiffs' refusal to pay, Plaintiffs obtained permission from their neighbor – whose property the meter was on – and hired a plumber to fix the

2

fitting. (Id., ¶¶ 31, 36.) Plaintiffs then estimated what their water bill would have been in the disputed months without the leak, subtracted the expense of the plumber, and sent Defendants a check in the amount of $300.00 for the balance. (Id., ¶ 37.) This did not appease Defendants, who expected payments totaling $3,514.93. 45. (Id., ¶ 45.) Defendants did however, make a "leak allowance exception," crediting $557.08 to Plaintiffs' account.(Id.) On May 10, 2007, having not received the payments it believed it was due, Defendants shut off the water to Plaintiffs' home. (Id., ¶ 51.) Three days later, Plaintiffs acquiesced and paid the bill in full. (Id., ¶ 54.) According to Plaintiffs, despite their requests, at no time were they provided a hearing nor any notice regarding the date of the water shut-off. (Id., ¶ 56.)

5.      Defendants seek dismissal of three elements of Plaintiffs' suit. Pursuant to the Amended Complaint and Plaintiffs' response to Defendants' motion (see Cohen Declaration ¶¶ 28-32; Docket No. 20-1), Plaintiffs concede that claims against the individual Water Authority Defendants in their official capacities should be dismissed. They further concede that any claim, to the extent one existed, for punitive damages against the Water Authority itself should be dismissed. They dispute, however, Defendants' final argument: that the claims for punitive damages against the individual Defendants are insufficient as a matter fo law and should be dismissed.

6.      Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12 (b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L .Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S. Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8 (a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

7.    Defendants argue that the claim for punitive damages should be dismissed because the Amended Complaint does not detail facts sufficient to meet the high standard for punitive damages under § 1983. Plaintiffs argue that the coercive act of turning off their water, with no notice or warning, sufficiently states a claim for punitive damages under § 1983.

8.    Punitive damages are available "under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L . Ed. 2d 632 (1983). Neither party can identify a case quite like this from which to draw a comparison. Instead, both parties contend that Waltz v. Town of Smithtown, 46 F.3d 162 (2d Cir. 1995) presents precedential authority in their favor. There, defendants withheld water from plaintiffs in an effort to extort them into deeding certain property to the town. Id. at 165. The court affirmed an award of punitive damages. Id. at 169-70.

9.    To support their argument, Defendants emphasize two facts from Waltz: (1)

4

the defendant sought to extort the plaintiffs and (2) the plaintiffs were without water for three months. Because the actions that Defendants are accused of here are comparatively less egregious and were the result of a *bona fide* dispute over a bill, and because Plaintiffs were without water for only three days, Defendants argue that this case is far afield from Waltz and therefore a punitive damages claim is unfounded. Plaintiffs, however, note that just as is alleged here, the defendants in Waltz acted with coercive intent and provided no notice that the water was to be shut off.

10.     As an initial matter, Waltz is unhelpful because the court merely affirmed an award for punitive damages based on the singular and particular facts presented in that case. It made no general finding applicable to this case. Because of the differing facts, this Court can take little guidance from Waltz. Nonetheless, considering the allegations in the Amended Complaint, this Court is satisfied that Plaintiffs have sufficiently stated a claim for punitive damages. They allege that Defendants sent numerous notices seeking payment for water service, but that none of those notices contained any provision or notification for a hearing and that a written request for such a hearing was ignored by Defendants. (Amended Complaint, ¶¶ 28, 43.) They further allege that without warning, in an attempt to punish Plaintiffs for refusing to pay the disputed bill and in an effort to coerce them into paying it, certain individual Defendants for the Water Authority decided to shut off the water service to Plaintiffs' residence. (Id., ¶ 53.) Finally, Plaintiffs allege that service was not restored until three days later, when, left with no other choice, Plaintiffs acquiesced and paid the full bill. (Id., ¶ 54.) These allegations make it plausible that Defendants acted with "reckless indifference" or "evil intent" toward Plaintiffs' due process rights. See Smith, 461 U.S. at 56; Kimbrough v. Town of Dewitt Police Dept., No. 9:08-cv-03, 2010 WL

3724017, at *6 (N.D.N.Y. Sept. 15, 2010) (denying motion to strike a § 1983 punitive damages claim because the court was unable to evaluate the defendants' motive or intent); see also Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 98 S. Ct. 1554, 56 L. Ed. 2d 30 (1976) (finding that depriving utility customers a means of protesting termination of services violated the Due Process Clause). Consequently, Defendants' motion in this regard is denied.

***

IT HEREBY IS ORDERED, that  Plaintiffs' Motion for Leave to Amend their Complaint (Docket No. 20) is GRANTED.

FURTHER, that Defendants' Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED with respect to Plaintiffs' punitive damages claim against the Erie County Water Authority and with respect to all claims asserted against the individual Erie County Water Authority Defendants in their official capacities; it is DENIED regarding Plaintiffs' claim for punitive damages against the individual Erie County Water Authority Defendants.

SO ORDERED.

Dated:  February 5, 2012
      Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
